```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/20/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MANUEL MARQUINA a/k/a LUIS GARCIA,
on behalf of himself, FLSA Collective Plaintiffs,
and the Class,

                                Plaintiffs,                25-CV-3867 (SN)

        -against-                                **ORDER**

STOUT NYC HOSPITALITY GROUP, INC.
f/k/a WHELAN BROTHERS MANAGEMENT
GROUP, INC., et al.,

                                Defendants.
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       Defendants are alleged to operate approximately 15 restaurants as a single enterprise. Plaintiff began working for Defendants at a restaurant called The Half Pint in June 2011. He alleges that he was hired as a barback, busboy, and food runner. In or around 2014, he was transferred to Amity Hall Uptown, where he worked until May 2024. ECF No. 1, Compl. ¶ 36. Plaintiff does not allege what his job was at Amity Hall Uptown, but the Defendants state that his only position was as a barback. ECF No. 22 at 2. Plaintiff alleges violations of the Federal Labor Standards Act and New York Labor Law, including payments pursuant to an invalid tip credit, failure to pay a spread-of-hours premium, and statutory wage notice violations.

       Plaintiff intends to seek certification of a FLSA collective on behalf of:

> all non-exempt front-of-house persons (including servers, bussers, bartenders, food runners, hostesses, and delivery persons, among others) employed by Defendants on or after the date that is six years and 228 days (pursuant to NY's Executive Order tolling during the COVID pandemic) before the filing of the Complaint . . . .

Compl. ¶ 23. Plaintiff also intends to seek to certify a New York Labor Law class action of:

> all non-exempt front-of-house persons (including servers, bussers, bartenders, food runners, hostesses, and delivery persons, among others) and back-of-house persons (including line cooks, prep cooks, and dishwashers, among others) employed by Defendants on or after the date that is six years and 228 days (pursuant to NY's Executive Order tolling during the COVID pandemic) before the filing of the Complaint . . . .

Compl. ¶ 26.

The parties appeared for an initial case management conference and have begun to exchange discovery demands. Plaintiff seeks pre-certification discovery for 20% of all prospective class members across half of the 15 restaurants operated by the Defendants. Plaintiff seeks this information before filing a motion for a FLSA collective action and intends to defer filing a class motion under Rule 23 until after any opt-in period and the completion of collective action discovery. ECF No. 19 at 5. Defendants oppose broad discovery primarily because Plaintiff worked only at one restaurant and in one position during the relevant class period. ECF No. 22 at 2. Accordingly, Defendants argue that any discovery should be limited to Amity Hall Uptown and limited to barbacks. Id. at 7.

Courts in the Second Circuit apply a two-step test to determine whether to approve a "collective action" under the FLSA. See Myers v. Hertz Corp., 624 F.3d 537, 554-55 (2d Cir. 2010). The first step involves "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." Myers, 624 F.3d at 555. This first step is referred to as "conditional certification," and it typically occurs before significant discovery. See Cooke v. Frank Brunckhorst Co., LLC, 722 F. Supp. 3d 127, 135 (E.D.N.Y. 2024). That is because conditional certification imposes only a modest burden on the plaintiff to show "that they and potential opt-in plaintiffs together

were victims of a common policy or plan that violated the law." Myers, 624 F.3d at 555 (internal quotation marks omitted).

Despite allegations that Individual Defendant Martin Whelan owns and operates all 15 restaurants, Plaintiff has not yet met the minimum threshold to establish that he was subject to the same terms and conditions of employment as employees at the other restaurants during the relevant period. Plaintiff alleges only in passing that he worked at a second restaurant more than ten years ago but that is insufficient to establish a common practice during the relevant period. Accordingly, at this stage, discovery shall be limited to Amity Hall Uptown.

Plaintiff also has not established that the terms and conditions of his employment as a barback were similar to all front-of-the-house employees, including servers, bussers, food runners, hostesses, and delivery persons. Plaintiff does not allege what his job was – although Defendants report that he was a barback. While he alleges that he worked more than 20% of his time doing non-tipped work (and describes his work in detail), he does not allege what tipped work he did during the majority of his shift. More importantly, he also does not allege what any other employee did, their terms and conditions of employment, or any facts to establish that they were similarly situated to him. Although it may be that certain other employees labored under the same improper labor practices as Plaintiff alleges, the Court will not authorize broad discovery without any factual allegations to support that inference at this stage.

## CONCLUSION

Accordingly, within two weeks of this order, the Defendants shall produce:

1. All human resources manuals, employment policies or practices, or other documents generally applicable to the Plaintiff that describe the terms and conditions of his employment;

2. All punch/time records, wage statements, and wage/tip credit notice forms for all barbacks who worked at Amity Hall Uptown for the prior three years from the date of this order; and

3. The contact information for all barbacks who worked at Amity Hall Uptown for the prior three years from the date of this order.

The parties are further order to meet and confer regarding appropriate e-discovery searches in light of the Court's order. Plaintiff may, if he chooses, depose a corporate representative regarding the pay and employment practices at Amity Hall Uptown. Plaintiff may inquire, generally, if those practices applied to other tipped workers.

Separately, on November 14, 2025, Plaintiff shall file a letter with a proposed schedule for any motion for conditional certification pursuant to the FLSA.

The Clerk of Court is respectfully requested to terminate the motion at ECF No. 19.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:    October 20, 2025
          New York, New York

4