UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___ 11/25/2025 _

MANUEL MARQUINA a/k/a LUIS GARCIA,
on behalf of himself, FLSA Collective Plaintiffs,
and the Class,

                                    **Plaintiff,**                                    25-CV-3867 (SN)

                 -against-                                    **OPINION & ORDER**

STOUT NYC HOSPITALITY GROUP, INC.
f/k/a WHELAN BROTHERS MANAGEMENT
GROUP, INC., et al.,

                                    **Defendants.**

----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

On November 3, 2025, the Court denied Plaintiff's motion to compel Defendants to produce a sampling of class-wide discovery concerning employees with different job titles across Defendants' various locations. ECF No. 23. Plaintiff moves for reconsideration of the order pursuant to Local Rule 6.3. ECF No. 24. The motion for reconsideration is DENIED.

**I.      Legal Standard on Motion for Reconsideration**

The standards governing a motion for reconsideration under Local Civil Rule 6.3 are the same as those under Rule 59(e) of the Federal Rules of Civil Procedure. See Abrahamson v. Bd. of Educ. of Wappingers Cent. Sch. Dist., 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002). Thus, the Court considers case law arising under both Rules. Sigmon v. Goldman Sachs Mortg. Co., 229 F. Supp. 3d 254, 256 (S.D.N.Y. 2017). The standard for granting a motion for reconsideration is "strict." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Because reconsideration of a court order is "an extraordinary remedy," it must "be employed sparingly in the interests of finality and conservation of scarce judicial resources." Anwar v. Fairfield Greenwich Ltd., 164 F.

Supp. 3d 558, 560 (S.D.N.Y. 2016) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F.

Supp. 2d 613, 614 (S.D.N.Y. 2000)). The decision to grant a motion for reconsideration is within

the sound discretion of the district court. Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009).

To prevail on a motion for reconsideration, the moving party must demonstrate "an

intervening change of controlling law, the availability of new evidence, or the need to correct a

clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL

Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l

Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992)). Thus, motions for reconsideration are not "a

vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on

the merits, or otherwise taking a second bite at the apple." Analytical Survs., Inc. v. Tonga

Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (internal quotation

marks and citations omitted); Schrader, 70 F.3d at 257 ("[A] motion to reconsider should not be

granted where the moving party seeks solely to relitigate an issue already decided.").

II.    **Plaintiff Fails to Demonstrate Grounds for Reconsideration**

Despite seeking reconsideration "on all applicable grounds," Plaintiff does not argue a

change in the controlling law, the availability of new evidence, or the need to prevent manifest

injustice. In his reply brief, Plaintiff clarifies that he seeks reconsideration to correct a clear error.

See Pl. Reply Br., ECF No. 32 at 6.

District courts possess "broad discretion in resolving discovery issues," and Plaintiff has

not demonstrated that the Court's order falls outside this broad discretion. Energy Transp. Grp.,

Inc. v. Borealis Mar. Ltd., No. 21-cv-10969(AT)(JW), 2024 WL 3318113, at *2 (S.D.N.Y. Jun.

18, 2024). Plaintiff argues that the Court "clearly erred" by citing Myers v. Hertz Corp., 624 F.3d

537 (2d Cir. 2010), and applying principles from the FLSA two-step certification framework

2

when the parties were merely disputing the scope of pre-certification discovery. Myers established the standard in this Circuit for seeking certification of a collective action under the FLSA. Id. at 555. Plaintiff's burden is a "modest factual showing," and that burden is typically met before extensive discovery has been undertaken. See, e.g., Jeong Woo Kim v. 511 E. 5th Street, LLC, 985 F. Supp. 2d 439, 445 (S.D.N.Y. 2013) ("preliminary conditional certification takes place early in the litigation and often before discovery has begun"). By seeking such expansive discovery at the pre-conditional certification stage, Plaintiff puts the cart before the horse. Without pleading *any* facts about the terms and conditions of employment during the relevant period at *any* other location or for *any* other position, he seeks to open wide-scale discovery that may ultimately not be relevant or proportional to the claims in the case. Myers, thus, reminds the Plaintiff of the modest burden he will face at the conditional certification stage while also highlighting the weaknesses in the current pleadings. Absent a stronger factual showing, the Court will not authorize discovery in pursuit of a claim.[1]

None of the non-binding cases Plaintiff cites establish any requirement that courts order multi-location discovery at the pre-certification stage. Nor do they prohibit a court from tailoring discovery where a plaintiff worked at only one location and has not provided a factual basis linking his experience to employees across 15 restaurants. At most, these cases illustrate the considerable discretion district courts possess in managing discovery. That other courts have exercised that discretion differently does not render this Court's ruling clear error.

Finally, the Court considered the purported violations Plaintiff submitted and found that the evidence did not establish a sufficient factual basis to justify class-wide discovery at this

---

[1] In response to an interrogatory asking Plaintiff to identify "each person You believe is similarly situated to You for purposes of this Action," Plaintiff was unable to identify a single person. Def. Br., ECF No. 27 at 6.

early stage. Even accepting the existence of errors in Plaintiff's wage notices or overtime statements, nothing in Plaintiff's submission indicates that these errors extended to various positions at all of Defendants' restaurants. Plaintiff's reliance on Zakir Hossain v. Let's Eat LLC, No. 24-cv-4078 (JAV), 2025 WL 1718095 (E.D.N.Y. Jun. 18, 2025), is unavailing. There, the plaintiffs submitted affidavits identifying payroll violations for three different named plaintiffs, which provided a stronger factual basis from which to infer similar violations for other potential opt-ins. Hossain, 2025 WL 1718095, at *6. Likewise, in Viella v. Pup Culture LLC, No. 23-cv-2291 (LJL), 2023 WL 7986562 (S.D.N.Y. Nov. 17, 2023), the plaintiff presented pay records for an additional employee showing comparable violations. Viella, 2023 WL 7986562, at *4. In contrast, Plaintiff offers no comparable cross-employee evidence linking his experience to workers in other positions or at Defendants' additional locations.

Accordingly, Plaintiff has not established that he is entitled to the extraordinary relief he seeks.

**III.    Schedule for Any Motion for Conditional Certification of FLSA Collective**

Separately, the parties disagree on when Plaintiff should move for conditional certification. Plaintiff seeks to do so "within 60 days after depositions are completed"; Defendants argue that that schedule is, at least, potentially inconsistent with the existing Case Management Order, which sets a deadline of March 9, 2026, to complete all discovery date, and a deadline of April 6, 2026, to file any motion for summary judgment.

Given that additional fact discovery may be warranted if a FLSA collective is conditionally certified, it would be inefficient to potentially file the motion on May 8, 2026, that is, 60 days from the close of discovery and after depositions are completed. Accordingly, absent further order of the Court, Plaintiff is directed to file his motion for conditional collective

certification by January 16, 2026. Defendant's opposition shall be due February 13, 2026.

Plaintiff's reply shall be due February 27, 2026.

## CONCLUSION

Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is requested to

terminate the motion at ECF No. 24. Plaintiff shall file his motion for conditional certification of

a FLSA collective by January 16, 2026.

**SO ORDERED.**

_____

SARAH NETBURN
United States Magistrate Judge

DATED:      November 25, 2025
                New York, New York