UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MANUEL MARQUINA a/k/a LUIS GARCIA,
on behalf of himself, FLSA Collective Plaintiffs,
and the Class,

<b>Plaintiffs,</b>

<b>-against-</b>

STOUT NYC HOSPITALITY GROUP, INC.
f/k/a WHELAN BROTHERS MANAGEMENT
GROUP, INC., et al.,

<b>Defendants.</b>
-------------------------------------------------------------------X

25-CV-3867 (SN)

<u>ORDER</u>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___ 12/23/2025

**SARAH NETBURN, United States Magistrate Judge:**

Plaintiff seeks to conduct a deposition of a corporate representative pursuant to Rule 30(b)(6). The Court previously ruled that discovery shall be limited to barbacks working at the Amity Hall Uptown restaurant, and it further authorized a corporate representative deposition "regarding the pay and employment practices at Amity Hall Uptown. Plaintiff may inquire, generally, if those practices applied to other tipped workers." ECF No. 23 at 4; <u>see also</u> ECF No. 35 (denying Plaintiff's motion for reconsideration). Plaintiff has interpreted this language to expand the scope of permissible Rule 30(b)(6) notice topics to include all tipped employees working at all 15 restaurants and for six years from the filing of the complaint.

Plaintiff may depose a corporate representative concerning the pay practices at Amity Hall Uptown, which may include the general practices for "other tipped workers" at Amity Hall Uptown. Plaintiff may inquire regarding the pay practices that he was subject to for the six years prior to the filing of the complaint. With respect to "other tipped workers" at Amity Hall Uptown, Plaintiff is limited to a three-year period. <u>See</u> ECF No. 19 (Plaintiff requests deferring

any Rule 23 class certification motion until after a FLSA collective motion is decided and opt-in discovery is completed). This ruling applies to any Rule 30(b)(6) deponent as well as to Rule 30(b)(1) deponents. Additionally, in light of the Court's rulings, Notice Topics 8, 9, and 10 are struck.

For the same reasons, Plaintiff is not entitled to ESI related to all 15 restaurants. The Court has already ruled that discovery shall be limited to barbacks working at Amity Hall Uptown, and Plaintiff acts in bad faith by proposing broad ESI search terms. This limitation is warranted because Plaintiff's complaint fails to allege any facts regarding the employment experiences of any other workers, and the Court will not countenance discovery in search of a claim. The Court, thus, adopts the Defendants' proposed ESI Protocol. See ECF No. 37-1, Ex. 3. While documents related to Plaintiff's employment (and, therefore, his New York Labor Law claims) must be produced for the six-year period, documents related to Amity Hall Uptown barbacks is limited to the FLSA three-year period.

## CONCLUSION

The Defendants shall comply with this order within two weeks. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 36.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:       December 23, 2025
             New York, New York

2